UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NCC FINANCIAL, LLC | CIVIL ACTION |
| VERSUS | |
| INVESTAR BANK, N.A., ET AL. | NO. 20-00137-BAJ-EWD |

## RULING AND ORDER

Before the Court is Appellant NCC Financial, LLC's appeal of the Bankruptcy Court's February 21, 2020 judgment disallowing its claim in the Chapter 11 bankruptcy proceedings of W Resources, LLC. NCC Financial filed its notice of appeal on March 11, 2020, (Doc. 1), and followed with its opening brief on September 30, 2020. (Doc. 13). Appellees Investar Bank, N.A. and W Resources each filed opposition briefs on November 16, 2020. (Docs. 18, 19). NCC Financial filed a single reply brief on December 21, 2020. (Doc. 22). Oral argument is not necessary.

For reasons to follow, the Court **AFFIRMS** the Bankruptcy Court's judgment.

### I.  FACTS

Michael Worley is the sole member and manager of W Resources, LLC, a Louisiana limited liability company. On October 27, 2015, Mr. Worley, in his own name, executed a Loan Agreement and Promissory Note in favor of NCC Financial, in return for $8 million. (Doc. 3-3 at 21-63, 85-86). Notably, W Resources is *not* identified as a borrower under the Loan Agreement or the Promissory Note, and is *not* a signatory to the Loan Agreement or the Promissory Note. (*See id.*). To the

contrary, the Loan Agreement and Promissory Note each expressly identify the borrower—Mr. Worley—as "an individual." (*Id.* at 22, 85).[1]

As it happens, Mr. Worley and NCC Financial engaged in a second transaction on October 27, 2015. Importantly, in this second transaction, Mr. Worley did *not* act in his own name. Rather, acting as representative of W Resources, Mr. Worley executed a Multiple Indebtedness Mortgage (the "Mortgage") in favor of NCC Financial, to the tune of $50 million. (Doc. 3-3 at 64-84). The Mortgage plainly identifies W Resources as the "Mortgagor," specifically defines the term "indebtedness" to mean "all obligations and liabilities of Mortgagor," and encumbers certain properties in and around East Baton Rouge Parish (the "Mortgaged Properties"). (*Id.* at 64, 83-84). W Resources is the sole signatory to the Mortgage. (*Id.* at 82, 84).

Despite executing the Mortgage, it is undisputed that W Resources did not thereafter incur any obligations or liabilities—*i.e.,* "indebtedness"—to NCC Financial.

The source of the instant dispute stems from the lack of symmetry between the parties to the Loan Agreement and Promissory Note, and the Mortgage. NCC Financial insists that the Mortgage secures Mr. Worley's personal debt under the Loan Agreement and Promissory Note. Appellees Investar Bank, N.A. and W

---

[1] After entering the Loan Agreement and Promissory Note, NCC Financial and Mr. Worley executed various amendments to each document. (*See* Doc. 3-3 at 87-95). Again, these amendments were entered into and executed by Mr. Worley in his own name. W Resources is *not* identified as a borrower in these amendments, and is *not* a signatory to these amendments. (*See id.*).

2

Resources counter that the Mortgage plainly applies to W Resources' (nonexistent) debt only. The outcome of the dispute is of some significance, because if the Mortgage applies only W Resources' (nonexistent) debt, then the Mortgage is invalid as a matter of law, and NCC Financial cannot pursue a claim against W Resources in the underlying bankruptcy proceedings.

## II.   PROCEDURAL BACKGROUND

On July 23, 2018, W Resources filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code. *See In re W Resources, LLC, Debtor*, Bankruptcy Case No. 18-10798 (Bkrtcy. M.D. La.). On December 31, 2018, NCC Financial filed a Proof of Claim in the bankruptcy case, in the amount of $8,179,670.80. In support of its Claim, NCC Financial submitted the Mortgage, the Loan Agreement, and the Promissory Note.

On May 6, 2019, Appellee Investar Bank, N.A.—who also holds an interest in the Mortgaged Properties—initiated this adversary proceeding, seeking a determination that its mortgages are first-ranking.[2] (Doc. 3-1 at 1-23).

On November 18, 2019, Investar filed its Motion for Partial Summary Judgment in the underlying adversary proceeding, seeking dismissal of NCC Financial's Claim against the W Resources bankruptcy estate. Investar argued that W Resources is not indebted to NCC Financial, and therefore the Mortgage is unenforceable as a matter of law because it secures nothing. In turn, NCC Financial's

---

[2] *See Investar Bank, N.A., as Successor-in-Interest to The Highlands Bank v. W Resources, LLC, et al.*, Adversary Case No. 19-01012 (Bkrtcy. M.D. La.).

3

Claim fails because it relies on the validity of the Mortgage.

On January 22, 2020, the Bankruptcy Court issued an oral ruling and order granting Investar's Motion, and disallowing NCC Financial's Claim. In relevant part, the Bankruptcy Court determined that NCC Financial's Claim failed, and that the Mortgage is invalid, because

> The mortgage, this mortgage, defines "indebtedness" as all obligations and liabilities of mortgagor, that is, this debtor, W Resources, LLC, to the mortgagee, but there is no obligation from this debtor to NCC, aside from any that the mortgage may embody, should it be valid. As in [JAB of Oakdale, LLC v. Oakwood Inn Dev. Corp., 2007-1426 (La. App. 3 Cir. 3/5/08), 2008 WL 597193], this mortgage refers to a non-existent note and references no intention by the debtor to secure Michael A. Worley's personal debt to NCC.

(Doc. 3-4 at 49). Further, the Bankruptcy Court declined NCC Financial's invitation to consider parol evidence—which, NCC Financial insisted, showed the Parties' intent that the Mortgage would secure Mr. Worley's debt under the Loan Agreement and Promissory Note—concluding that the Mortgage was clear and unambiguous, and could not be contradicted by such evidence. (See id. at 51).

On February 21, 2020, the Bankruptcy Court issued its written Final Judgment granting Investar's Motion for Partial Summary Judgment, dismissing NCC Financial's Claim, and invalidating the Mortgage. (Doc. 1 at 4-6).

On March 11, 2020, NCC Financial filed its Notice of Appeal of the Bankruptcy Court's Judgment. (Doc. 1).

**III.   LAW AND ANALYSIS**

    **a.  Standard of Review**

The same rules govern summary judgment in the bankruptcy court as in the

district court. *See* Fed. R. Bankr. P. 7056. Federal Rule of Civil Procedure 56 provides that the court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant bears its burden of showing that there is no genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587.

On appeal, the district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004). Relevant here, "[t]he determination of whether a contract is clear or ambiguous is a question of law." *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 393 (5th Cir. 2012) (quoting *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 590 (La.2007)).

### b. Standards of Construction

This matter turns on the Parties' competing interpretations of the Mortgage—specifically, whether the Parties' intended the Mortgage to secure the Loan Agreement and Promissory Note. The Mortgage is a contract governed by Louisiana Law. (Doc. 3-3 at 82).

Under Louisiana law, the "[i]nterpretation of a contract is the determination of the common intent of the parties." La. C.C. art. 2045. If the terms of a contract are unambiguous—*i.e.*, "clear and explicit and lead to no absurd consequences"—then "no

5

further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. Conversely, "[a] contract is considered ambiguous on the issue of intent when it lacks a provision bearing on the issue, its written terms are susceptible to more than one interpretation, there is uncertainty as to its provisions, or the parties' intent cannot be ascertained from the language used." *Petrohawk Props., L.P.*, 689 F.3d at 393 (citation and internal quotation marks omitted). In that event, the court may consider extrinsic evidence to determine the parties' intent. *Id.*; *see also Clovelly Oil Co., LLC v. Midstates Petroleum Co., LLC*, 2012–2055, pp. 5–6, 7 (La.3/19/13); 112 So.3d 187, 192, 193 (summarizing Louisiana's general principles of contract interpretation).

Finally, "[u]nder Louisiana law [a mortgage] is ancillary to the principal obligation, and depends upon the principal obligation for its existence." *In re Guillot*, 250 B.R. 570, 597 (Bankr. M.D. La. 2000) (La. C.C. art. 3282). "Consequently, except as provided by law, the mortgagee may enforce the mortgage only to the extent that he may enforce any obligation it secures." La. C.C. art. 3282. In other words, absent an underlying obligation, a mortgage is unenforceable and invalid. *See id.*; *e.g.*, *JAB of Oakdale, LLC v. Oakwood Inn Dev. Corp.*, 2007-1426 (La. App. 3 Cir. 3/5/08), 2008 WL 597193.

### c. Discussion

Applying the foregoing rules of construction, this Court reaches the same conclusion as the Bankruptcy Court: The Mortgage does not secure the Loan Agreement or the Promissory Note because the Mortgage expressly secures only the "obligations and liabilities of Mortgagor [W Resources]," and W Resources is not a

party to the Loan Agreement or the Promissory Note. The Mortgage is clear on its face, and does not lead to any absurd results. Thus, the inquiry stops. *Clovelly Oil Co.*, 112 So.3d at 192 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." (quotation marks omitted")).

Nonetheless, NCC Financial invites the Court to go further, insisting that the Mortgage is ambiguous—and parol evidence is required to determine the Parties' intent—because the Mortgage defines "Mortgagor" "collectively," to include W Resources *and* Mr. Worley. (Doc. 13 at 26-30). The Court is not persuaded. The term "collectively" appears in the Mortgage's opening paragraph, which states, in full:

> **BE IT KNOWN,** that before the undersigned authorities, Notaries Public, duly commissioned and qualified in and for their respective jurisdictions, and in the presence of the undersigned competent witnesses,
>
> **PERSONALLY CAME AND APPEARED:**
>
> **W RESOURCES, L.L.C.**, a Louisiana Limited Liability Company domiciled in Tangipahoa Parish, Louisiana, with mailing address for tax purposes of 303 Timber Creek, Hammond, Louisiana 70403, represented herein by Michael A. Worley, sole Managing Member;
>
> (hereinafter sometimes referred to collectively as the "Mortgagor").

(Doc. 3-3 at 64 (emphasis in original)). Read in context, it is clear that this paragraph identifies Mr. Worley solely as the legal representative authorized to act on W Resources' behalf, and does *not* name Mr. Worley as an additional mortgagor. Otherwise, Mr. Worley would have signed the Mortgage as a Mortgagor. *Clovelly Oil Co.*, 112 So. 3d at 192 ("Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a

7

whole." (citing La. C.C. art. 2050)). As stated, however, W Resources is the *only* Mortgagor to have executed the Mortgage, through its sole Managing Member, Mr. Worley. (Doc. 3-3 at 82, 84).

In sum, the Bankruptcy Court correctly concluded that the Mortgage clearly and explicitly does not secure debt owed under the Loan Agreement and Promissory Note, and, thus, parol evidence is not admissible to determine otherwise. And because the Mortgage depends upon a principal obligation for its *existence*, and here there is *no* principal obligation, the Bankruptcy Court also correctly concluded that the Mortgage is unenforceable and invalid, and that NCC Financial's Claim against the W Resources bankruptcy estate necessarily fails. *See JAB of Oakdale*, 2008 WL 597193 at *4 (plaintiff's claim for monies due under a multiple indebtedness mortgage failed where the evidence did not establish an underlying obligation between plaintiff and defendant).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the judgment of the Bankruptcy Court is **AFFIRMED**.

Baton Rouge, Louisiana, this 30th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**